UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEWYORK
---------------------------------------------------------------------------X
MIKE STEELE, DON MEADOWS, MARJORIE SCHOPPE,
DENNIS TRUBITSKY, ROBERT LABAY, BARRY JONES,
JASON M. ETTEN, NANETTE ARAGON, GEORGE CESAR,
ANDREA KARVALY and CHRISTINA SIRACUSA,  **AMENDED**
Individually and on behalf of others similarly situated,  **COMPLAINT**

                                                                             Civil Action No.:
                                                  Plaintiffs,  1:05-cv-01720 (ILG) (VVP)

                    -against –  **JURY TRIAL  DEMANDED**

PAYPAL, INC., EBAY, INC., and ESSEX
TECHNOLOGICAL GROUP, INC.,

                                                  Defendants.
---------------------------------------------------------------------------X

The plaintiffs, amending their original complaint of the defendants, by their attorneys, MARINA TRUBITSKY & ASSOCIATES, PLLC, pursuant to FRCP R. 15(a) respectfully show to this Court and allege, upon information and belief:

## VENUE

1. That any Court in the County of Kings, is the proper venue in that the plaintiff, Dennis Trubitsky, resides in the County of Kings, State of New York.

## PARTIES

2. That, at all times hereinafter mentioned and at the commencement of this action, the Plaintiff, DENNIS TRUBITSKY, was and still is a resident of the County of Kings, State of New York.

3. That at all times hereinafter mentioned the Plaintiff, ROBERT LABAY, is a resident of the State of New York

4. That, at all times hereinafter mentioned, the Plaintiff, MICHAEL STEELE, is a resident of Goodlettsville, Tennessee;

5. That at all times hereinafter mentioned, the Plaintiff, DON MEADOWS, is a resident of Nashville, Tennessee;

6. That, at all times hereinafter mentioned, the Plaintiff, MARJORIE SCHOPPE, is a resident of Austin, Texas.

7. That, at all times hereinafter mentioned, the Plaintiff, BARRY JONES, is a resident of Greensboro, North Carolina.

8. That, at all times hereinafter mentioned, the Plaintiff, JASON ETTEN, is a a resident of Wes Des Moines, Iowa.

9. That, at all times hereinafter mentioned, the Plaintiff, NANETTE ARAGON, is a resident of Fowler, CO;

10. That, at all times hereinafter mentioned, the Plaintiff, ANDREA KARVALY, is a resident of Palm Coast, FL;

11. That, at all times hereinafter mentioned, the Plaintiff, GEORGE CEASAR, is a resident of San Antonio, Texas;

12. That, at all times hereinafter mentioned, the Plaintiff, CHRISTINA SIRACUSA is a resident of Davis, CA;

13. That at all times hereinafter mentioned, defendant, PAYPAL, INC. (PayPal) was and still is a domestic for profit corporation duly organized and existing under

and

14. by virtue of the laws of the State of Delaware and has its primary place of business at 2211 North First Street, San Jose, California.  It is a wholly-owned subsidiary of eBay, Inc., the online marketplace.

15. That at all times hereinafter mentioned, defendant, eBay, Inc. (eBay) was and still

is a corporation established under the laws of Delaware with its principal place of business at 2145 Hamilton Avenue, San Jose, CA 95125.

16. That upon information and belief, defendants PayPal and eBay do business in the State of New York through their websites, respectively www.paypal.com and www.ebay.com.

17. That at all times material to this complaint, acting alone or in concert with others, defendants PayPal and eBay have directed, controlled or participated in the acts and practices set forth in this complaint.

18. That upon information and belief, at all times mentioned herein, the Defendant, ESSEX TECHNOLOGICAL GROUP, INC. (Essex) was and still is a for profit corporation duly organized and existing under and by virtue of the laws of the State of Tennessee with its principal place of business at 2728 Eugenia Avenue, Nashville, TN 37211-2120.

19. That upon information and belief, defendant, Essex conducts business in the State of New York through its website www.buyessex.com.

## CLASS ACTION

20. That this civil action is brought as a class action pursuant to Article 9 of the CPLR

on behalf of themselves and all others similarly situated who comprise the following class (the Class).  Excluded from the Class are the defendants herein, employees and agents of the defendants, members of the immediate family of the individual defendants, any entity in which any of the defendants has a controlling interest, and the legal representatives, heirs, successors or assigns of any of the

defendants. Included are all persons who hold or [have] held PayPal accounts (a) who have incurred damages as a result of defendant's breach of contract with the class members; (b) who have incurred damages as a result of being fraudulently induced into contract, or (c) who were defrauded by the defendants herein as a results of actions described in this Complaint and who are interested in pursuing this lawsuit.

21. That this action is properly maintainable as a class action for the following reasons:

   A. Although the exact number of class members cannot be ascertained they are so numerous and geographically dispersed that joinder of all class members is impracticable. Plaintiff believes that there are over three hundred in the class.

   B. There are common questions of law and fact involved herein which predominate over any questions affecting only individual members of the class. The common question of law and fact include, but are not limited to the following:

   - whether defendants violated Section 349 of the New York General Business Law (Gen. Bus. L.) in that they engaged in deceptive acts or practices in the conduct of their businesses;

      - whether defendants willfully or knowingly engaged in deceptive acts or practices in the conduct of their businesses;

      - whether defendants violated <u>Gen. Bus. L., Section 350</u> by engaging in false advertising in the conduct of their businesses;

      - whether the defendants fraudulently induced members of the Class to use their debit cards for making payments through the use of false and misleading representations and omissions.

C.   The claims of the plaintiffs are typical of those of the Class in that plaintiffs are members of the Class and have no known interest that are antagonistic to or contrary to the interest of the Class.

D.   Plaintiffs will fairly and adequately protect the interest of the members of the class and have retained competent counsel experienced in class litigation to vigorously prosecute this action.

E.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiffs know of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action. Furthermore, since the damages suffered by individual class members may be relatively small, the expense and burden of

individual litigation make it impracticable for the class members to seek redress individually or the wrongs they have suffered.

## FACTS

22. Defendant Essex is one of the companies that sells and trades in used electronics on eBay.

23. eBay is an Internet auction, where sellers place certain goods for sale, and buyers can purchase them.

24. eBay utilizes services of its in-house payment transmitter PayPal, a wholly-owned subsidiary of eBay, for execution of its online transactions. This utilization by eBay makes PayPal a widely popular payment transmitter in the cyber marketplace.

25. PayPal operates an Internet payment system that provides a means by which businesses and individuals can send and receive online payments. Its payment system employs the existing financial infrastructure of bank accounts and credit cards, but permits individuals and businesses (particularly small businesses) to send and receive online payments using only PayPal as an intermediary.

26. In order for such a PayPal fund transfer or purchase to occur, both the transferor (usually a buyer) and transferee (usually a seller) must be Paypal account holders. Further, in order to actually engage in a particular transaction the registered account holder has to provide the funding source information – either its bank account information or credit card information - from which source PayPal will withhold funds to transmit them to the intended recipient.

27. A customer, who wants to become a user of PayPal must agree to the PayPal user

agreement ("User Agreement"), the text of which can be found on PayPal's website. The User Agreement appears through a link appearing on each page of tthe PayPal web site, www.paypal.com. The User Agreement is presented in a "scroll box", as well as a link for print out. In order to complete the registration process and become and account holder, the potential customer must accept the User Agreement.

28. Moreover, in many instances the agreement is unconscionable as a potential customer does not have any negotiation power, thus when he/she wishes to engage in services of PayPal, the only alternatives available for him/her are to accept the agreement in full, or to decline it in full.

29. Since August 2000, as part of the User Agreement, PayPal has offered its users Buyer Complaint Policy the "BuyerComplaint Policy"). This policy permits the buyers, within 45 days from the day the payment was made, to file a complaint with PayPal informing of their unsuccessful business transactions and requesting investigation of the matter and recoup from the seller of the amount paid. Nevertheless, this policy is limited to circumstances under which the goods were either not delivered to the buyer, or, when they have been delivered, turn out to be different from the goods the buyer was ordering. Moreover, even the cases where the buyer's complaint complies with those strict conditions, satisfaction of the claim still remains at PayPal's discretion and recovery of the claim is not guaranteed.

30. Within a section describing the Buyer Complaint Policy, the PayPal

      UserAgreement stated, during the relevant period, "The Buyer Protection Policy does not replace or reduce any other consumer rights Users might have, including reversal rights that may be granted by a User's credit card issuer".

31. During the relevant period, PayPal's User Agreement also stated "PayPal is the merchant of record with respect to all credit card transactions through the PayPal service to purchase goods or services. As such we afford customers the rights and privileges expected of a credit card transaction."

32. In practice, however, when PayPal account holders have complained to their credit card issuers that goods paid for through PayPal were not delivered as promised, PayPal generally has terminated the account holder's claim to PayPal. Thus, in order to exercise their Buyer Complaint Rights (the "Buyer Complaint Rights"), PayPal account holders actually have been required to choose between either exercising their credit card reversal or "chargeback" rights, or pursuing their rights under the Buyer Complaint Policy.

33. The products sold by Essex have failed to satisfy the quality standards stated in the advertisement for said products.

34. Payments for purchases Essex's products are made in large part through Defendant Paypal.

35. Account holders, including plaintiffs and plaintiff's class have complained to PayPal that goods purchased from sellers including Essex and which are paid through PayPal were not delivered as promised. PayPal has not refunded the purchasers/account holders including plaintiffs and the members of plaintiff's class and generally has terminated the purchasers' claims to PayPal.

## OVERT ACTS

36. During the relevant period, defendant PayPal directly and defendant eBay indirectly were involved in a scheme, pursuant to which they encouraged their users - purchasers over the Internet - and in particular, the plaintiffs within, to use their bank accounts (e.g. ATM/debit cards, checking accounts), instead of credit cards, for making payments through PayPal's system.

37. PayPal was making false representation to its users at the time when they were already logged in the system and ready to initiate a particular transaction stating that PayPal provided the same level of protection to its users who pay with their bank accounts as credit card companies provide to its customers. This representation mislead customers, in particular the plaintiffs and plaintiff's class, in believing that they would not be disadvantaged and their lawful interests would not be harmed if they use their bank accounts, instead of credit cards.

38. Nevertheless, in practice, credit card customers have "chargeback" rights – the rights granted to credit card holders, to dispute billing errors that appear on their monthly credit card statements. An example of such billing error would be a situation when a customer, having paid for the product, has not received that product. In essence, credit card consumers a possibility to recall such wrongful charges, although such a recall is not available for customers using their bank accounts or other immediate sources of payment. *See also*, New York General Business Law, 703.

39. In those cases when a transaction have not completed successfully due to a breach

by or non-performance of the seller, the buyer's interests were not protected, as neither PayPal, nor the buyer's bank reimbursed the buyer for the payments made. The buyers therefore have not received the protection similar to "chargeback rights".

40. Moreover, PayPal made another representation in their funding confirmation request ("Funding Confirmation message") - which is also intended to induce customers to make their payments by means of bank accounts - stating that users' account information stored with PayPal is kept "safe and secure" and PayPal promises a "100% coverage of any unauthorized use".

41. This Funding Confirmation message is not part of the User Agreement, therefore does not give rise to any rights and obligations of the customer, although it misleads the customer into believing that it does.

42. By engaging in the practices described above, PayPal has violated <u>New York General Business Law Section 349</u>.

43. In addition to seeking to exercise their rights under the PayPal buyer Complaint Policy, PayPal account holders whose purchases were not delivered as promised often have sought chargebacks from their credit card issuers. Depending on their respective issuer's policies governing PayPal transactions, PayPal account holders were either granted or denied a chargeback. For instance, in 2002 through mid-2003, and prior to recent agreements with the Attorney General, account holders who funded PayPal transactions through American Express or Discover often were denied a chargeback, upon complaining that goods they had ordered were not delivered as promised. These denials generally occurred because after PayPal

account holders sought chargebacks, PayPal disputed the chargeback request with American Express and Discover, who in turn reinstated the original charges to aid defendant Essex and others at the expense of Plaintiffs.

44. In certain follow up letters responding to inquires from account holders who had denied chargebacks from their credit card issuers in this manner PayPal inaccurately described the reasons for these denials by informing account holders that, "On the date in question PayPal received notification of merchandise. The decision to dispute this charge was made by your credit card issuing bank and not PayPal."

45. That the above language inaccurately described to account holders the true reason that their chargeback was denied, in that it minimized the role that PayPal, eBay and Essex played in the process, given that it was PayPal and not the account holder's credit card company acting unilaterally that had disputed the account holder's charge back.

46. At all relevant times, the defendants, Ebay, Paypal and Essex, through their agents
and assigns, unlawfully, willfully and knowingly combined, conspired, confederated and agreed together to commit an offense against the plaintiffs in this action.

### FIRST CAUSE OF ACTION
### (DECEPTIVE TRADE PRACTICES BY PAYPAL)

47. That plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "46" as it fully set forth herein.

48. That defendants' misrepresentations referenced in Paragraph "37" of this

Complaint are misleading in a material respect since in practice PayPal's Buyer Complaint Policy has generally not "afforded customers the rights and privileges expected of a credit card transaction". The misrepresentations mentioned above constitute a deceptive trade practice under the provision of <u>Gen. Bus. L., Section 349.</u>

49. <u>Gen. Bus. L., Section 349(h)</u> provides for a private right of action by any person who has been injured by a violation of <u>Gen. Bus. L. Section 349(a).</u>

50. Defendants' deceptive practices had deceived plaintiffs and other members of the Class. In addition, Defendants' deceptive practices are likely to continue to deceive thousands of persons who will also be injured thereby.

51. Upon information and believe plaintiffs have suffered damages, which were the direct, foreseeable, and proximate result of the defendants' materially misleading acts and practices.

52. By virtue of the foregoing, plaintiffs have been damaged, jointly and severally, in the amount to be ascertained at trial.

### SECOND CAUSE OF ACTION
### (DECEPTIVE TRADE PRACTICES BY ESSEX)

53. That plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "52" as it fully set forth herein.

54. That defendant, Essex misrepresentations are misleading in a material respect since in practice Essex sells technological products under the guise that the product are fit for the use intended when in fact the products are knowingly defective. These misrepresentations constitute a deceptive trade practice under the provision of <u>Gen. Bus. L., Section 349.</u>

55. <u>Gen. Bus. L., Section 349(h)</u> provides for a private right of action by any person who has been injured by a violation of <u>Gen. Bus. L. Section 349(a).</u>

56. Defendants' deceptive practices have deceived plaintiffs and other members of plaintiff's Class. In addition, Defendant Essex's deceptive practices are likely to continue to deceive thousands of persons who will also be injured thereby.

57. Upon information and belief, plaintiffs suffered damages, which were the direct, foreseeable, and proximate result of the defendants' materially misleading acts and practices.

58. By virtue of the foregoing, plaintiffs have been damaged, jointly and severally, in the amount to be ascertained at trial.

### THIRD CAUSE OF ACTION
### (FRAUD BY ESSEX)

59. That plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "58" as it fully set forth herein.

60. That defendant, Essex committed fraud by advertising and selling technological products under the guise that the products are fit for the use intended knowing that in fact the products were defective and/or unfit for the intended use, causing damages to defendant and other members of the class herein who suffered damages as the result of their reliance on the defendant's Essex fraudulent representations.

61. Defendants' practices have deceived plaintiffs and other members of plaintiff's Class. In addition, Defendant Essex's deceptive practices are likely to continue to deceive thousands of persons who will also be injured thereby.

62. Upon information and belief, plaintiffs suffered damages, which were the direct, foreseeable, and proximate result of the defendants' materially misleading acts and practices.

63. By virtue of the foregoing, plaintiffs have been damaged, jointly and severally, in the amount to be ascertained at trial.

### FOURTH CAUSE OF ACTION
### FRAUDULENT INDUCEMENT
### (MISREPRESENTATIONS REGARDING CHARGEBACK RIGHTS )

64. That plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "63" as it fully set forth herein.

65. To the extent that the plaintiffs and the other Class members are deemed by Defendants not to be entitled to broad rights to obtain chargebacks when goods are not delivered as agreed, Defendants, knowingly or recklessly, made false and misleading representations by falsely representing that their bank accounts if used through PayPal would provide the same protection as credit cards.  These misrepresentations are material to the plaintiffs and the other members of the Class because they caused them to become registered users of PayPal, provide their sensitive personal and banking information, and otherwise abide by their User Agreement.

66. Defendants made these false representations and omissions with the knowledge that they were false and misleading and with the intent that they were relied upon by persons who were deciding whether to become registered users of PayPal and abide by their user agreement.

67. The plaintiffs and the other members of plaintiff's Class believed these

representations to be true and relied on defendants' false representations when making their decision to further the transaction. The plaintiffs and the other class members have thereby been injured because they have not been provided with the rights and privileges granted to credit card holders and were not allowed to exercise their "chargeback" rights. The plaintiffs and the other members of the Class were led to expect, and reasonably believed, they were entitled to the rights and privileges granted to credit card holders. In practice, however, the User Agreement has not afforded customers the rights and privileges expected of a credit card transaction.

68. By virtue of the foregoing, plaintiffs have been damaged, jointly and severally, for

treble damages in the amount to be ascertained at trial.

## FIFTH CAUSE OF ACTION
## FRAUDULENT INDUCEMENT BY PAYPAL
## (MISREPRESENTATIONS REGARDING UNAUTHORIZED USE)

69. That plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "68" as it fully set forth herein.

70. PayPal sends a Billing Confirmation pop-up message to every registered user who is prepared to make a purchase through the Internet; the said message is in fact an inducement to make the payment using the debit account.

71. By means of this Billing Confirmation pop-up, PayPal is making a representation that it will provide for "100% coverage of any unauthorized use" of the customers bank information.

72. Nevertheless, PayPal's user agreement does not contain a similar provision, which would provide "for such "100% coverage of any unauthorized use", which has been stored with PayPal, contrary to the express representations made in funding confirmation pop-up.

73. To the extent that the plaintiffs and plaintiff's Class are deemed by defendants not to be entitled to 100% coverage of any unauthorized use, defendants, knowingly or recklessly, made the false and misleading representations in their Funding Confirmation pop-up, which is not part of the User Agreement but is collateral and/or extraneous to it.

74. This misrepresentation is material to the decision that is to be made by PayPal users when they are making a payment and/or transmitting funds through PayPal.

75. Defendants made these false representations and omissions with the knowledge that they were false and misleading and with the intent that these representations would be relied upon by the users.

76. The plaintiffs and plaintiff's Class believed these representations to be true and relied on defendants' false representations in making their decision to provide their sensitive banking information to PayPal.

77. The plaintiffs and the other Class members have thereby been injured because pursuant to its User Agreement PayPal is not obliged to provide reimbursement of users' monetary losses in case of unauthorized use by third parties. The plaintiffs and the other members of the Class were led to expect, and reasonably believed, they were entitled to the rights and privileges pursuant to PayPal's Funding

Confirmation's request, which in their mind was a reflection of their rights pursuant to the User Agreement.

78. By virtue of the foregoing, plaintiffs have been damaged, jointly and severally, for damages in the amount to be ascertained at trial. In the alternative, those plaintiffs who have not yet incurred any pecuniary damages request rescission of their contract obligations with PayPal, as well as injunctive relief.

## SIXTH CAUSE OF ACTION
### (BREACH OF CONTRACT AGAINST PAYPAL)

79. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "78" as it fully set forth herein.

80. Pursuant to the general policy of PayPal, the plaintiffs and the other members of the Class, individually entered into a contract with PayPal entitled "User Agreement".

81. The User Agreement is lawful, enforceable, and binding upon the Parties as it satisfies all the elements necessary for formation of a valid contract.

82. The plaintiffs and the other Class members have duly executed the contract by agreeing to it and have performed it by providing their personal and billing information to PayPal.

83. Moreover, when making a claim under the Buyer Complaint Policy, they complied with the procedural requirements prescribed by the Buyer Complaint Policy.

84. This User Agreement defined the rights and obligations of PayPal and each

respective customer.   The User Agreement affords PayPal's customers, in particular plaintiffs and other Class members, certain Buyer Complaint Rights similar to those "expected of a credit card transaction".

85. Moreover, this "User Agreement" afforded the plaintiffs and other Class members specific Buyer Complaint Rights and privileges "expected of a credit card transaction".

86. Defendants breached that User Agreement by not providing to the customers, in particular the plaintiffs and other Class members, rights and privileges they have contracted for.

87. By virtue of the foregoing, plaintiffs have been damaged, jointly and severally, for

damages in the amount to be ascertained at trial.

## SEVENTH CAUSE OF ACTION
### (BREACH OF CONTRACT AGAINST ESSEX)

88. That plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "87" as it fully set forth herein.

89. Upon information and belief, plaintiffs and plaintiffs' Class agreed with defendant Essex to purchase certain products displayed on eBay and on Essex websites.

90. Upon information and belief, the Defendant, Essex, willfully and wrongfully stated and represented to plaintiffs, that they would obtain the items as displayed and sold through the internet site known as eBay.

91. Upon information and belief, the plaintiffs and plaintiff's Class did purchase said products from Essex as agreed.

92. Upon information and belief, Essex was paid in full for said products.

93. Upon information and belief, the Defendant Essex has failed to deliver the said items as agreed upon despite the facts that the Defendants have paid the agreed upon prices in full.

94. Upon information and belief, Defendant Essex has failed to reimburse Plaintiffs although payment has been duly requested.

95. By virtue of the foregoing, Defendant, Essex is each liable to Plaintiffs for damages in an amount to be ascertained at trial.

**WHEREFORE**, Plaintiffs and Plaintiffs Class demands judgment on behalf of themselves and the other class members as follow:

A. Declaring that this action be maintained as a class action pursuant to Article 9 of the CPLR;

B. Granting judgment in favor of plaintiffs and the other class member against each of the defendants as aforesaid in tort contract and in warranty, for compensatory damages and punitive damages, together with prejudgment interest at the maximum rate allowable by law, as well as injunctive relief in the form of the remedial measures where necessary and appropriate;

C. Awarding plaintiffs and plaintiff class the costs and disbursements of this action, including any and all attorney's fees and experts' fees permitted by statute or rule and any and all discretionary costs

D. Awarding an amount of compensatory damages for the plaintiff and the plaintiff class in the amount that the trier of fact deems just, not to exceed

     the gross receipts generated by each defendant during the period committing said fraudulent acts;

  E. Awarding plaintiffs and plaintiffs' class punitive damages against each defendant in the amount the trier of fact deems just, not to exceed the total the gross annual revenue for each defendant for the last three (3) years prior to the filing of this action, and for such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: April 28, 2005        _S/ Marina Trubitsky_____
                by Marina Trubitsy, Esq. (MT-9371)
                MARINA TRUBITSKY
                & ASSOCIATES, PLLC.
                Attorneys for Plaintiffs
                11 Broadway, Suite 861
                New York, NY 10004
                212-732-7707

TO:

| | |
|---|---|
| R. Scott Garley, Esq. (RG-3366) | Angela Dunning, Esq. |
| Gibbons, Del Deo, Dolan, Griffinger & Vecchione | Cooley Godward, LLP |
| Attorneys for Defendants | Attorneys for Defendants |
| Essex Technology, Inc. | Ebay, Inc. and Paypal, Inc. |
| s/h/i Essex Technological, Inc. | Five Palo Alto Square |
| One Pennsylvania Plaza, 37th Floor | 3000 El Camino Real |
| New York, NY 10119-3701 | Palo Alto, CA 94306-2155 |
| 212-649-4700 | 650-843-5855 |