UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------x
Mike STEELE et al.,

                 Plaintiff,

  -against-                             MEMORANDUM AND ORDER
                                         05-cv-1720
PAYPAL, INC., EBAY, INC., and ESSEX
TECHNOLOGICAL GROUP, INC.,

                 Defendants.

----------------------------------------------------x

GLASSER, United States Senior District Judge

       Plaintiffs seek leave of this court to amend their complaint for a second time, largely for the purpose of alleging new causes of action and underlying facts against defendant Essex Technology Group, Inc. ("Essex").[1] By letter dated November 7, 2006, Essex opposes this request. For the reasons stated below, the Plaintiffs' motion to amend their complaint is granted.

       Rule 15 of the Federal Rules of Civil Procedure states that after one amendment to which it is entitled as a matter of course, "a party may amend the party's pleading only by leave of the court... and leave shall be freely granted where justice so requires." The decision whether to permit a party to amend its pleading is committed to the district court's discretion. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("We review a district court's decision to grant a party leave to amend his complaint for abuse of discretion."); but see Acito v. IMCERA Group, Inc., 47 F.3d 47, 55

---

[1] Essex is incorrectly identified in the case caption as "Essex Technological Group."

(2d. Cir. 1995) ("Although the decision of whether to allow leave to amend is left to the sound discretion of the district court, there must be good reason to deny the motion."). Generally, a party will be permitted to amend its pleading unless the proposed amendment would be futile. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." Lucente, 310 F.3d at 258. Because the legal standard for futility is identical to the standard for dismissing a claim pursuant to Rule 12(b)(6), a court evaluating a motion to amend a pleading "must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff." Gallegos v. Brandeis School, 189 F.R.D. 256, 258 (E.D.N.Y. 1999).

Essex's letter in opposition to the Plaintiffs' motion to amend fails to establish, or even to suggest, that the proposed amendment would be futile. Rather, Essex's opposition to the Proposed Second Amended Complaint relies entirely on disputes of material fact that the court may not consider at this stage of the proceedings.[2] Essex remains free to move to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted, but the court reminds it that neither a Rule 12(b)(6) motion nor a letter in opposition to a motion to amend under Rule 15(a) is an appropriate vehicle by which to test the accuracy or the veracity of the Plaintiffs' allegations. Any subsequent motion pursuant to Rule 12(b)(6) should address only the

---

[2] Specifically, Essex alleges: 1) that each item it offers for sale on eBay is designated "AS IS"; 2) that each item sold by Essex is subject to Essex's standard terms and conditions; and 3) that each named Plaintiff either did not purchase any goods from Essex, or have already availed themselves of the contractual rights and remedies by which they agreed to be bound. If Essex is secure in its belief that this amended pleading violates Fed. R. Civ. P. 11(b), it may pursue such relief as it deems appropriate.

narrow issue whether, taking the allegations in the Second Amended Complaint to be true and drawing all reasonable inferences in the Plaintiffs' favor, the Plaintiffs have nevertheless failed to state a cause of action.

## **CONCLUSION**

Plaintiffs' motion to amend their complaint for a second time is hereby GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
December 11, 2006

_____/s/_____

I. Leo Glasser
United States Senior District Judge


Copies of the foregoing memorandum and order were electronically sent to:


Counsel for the Plaintiff

Marina Trubitsky
Marina Trubitsky & Associates, PLLC
11 Broadway, Suite 861
New York, NY 10004

Counsel for the Defendants

Benjamin F. Chapman
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121
Counsel for Defendants PayPal, Inc. and eBay, Inc.

Lori R.E. Ploeger
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121-1909

Counsel for Defendants PayPal, Inc. and eBay, Inc.

Michael G. Rhodes
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Counsel for Defendants PayPal, Inc. and eBay, Inc.

R. Scott Garley
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.
One Penn Plaza
37th Floor
New York, NY 10119
Counsel for Defendant Essex Technology Group

Mark W. Stoutenburg
Gibbons, DelDeo, Dolan, Griffinger & Vecchione, P.C.
One Penn Plaza
37th Floor
New York, NY 10119
Counsel for Defendant Essex Technology Group