UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT FARINELLA, NANETTE ARAGON, DANIEL SCHOPPE, JASON ETTEN, GEORGE CESAR, DENNIS TRUBITSKY, and DOUGLAS MASHKOW, individually and on behalf of others similarly situated,<br><br>                                   Plaintiffs,<br><br>-against-<br><br>PAYPAL, INC., and EBAY, INC.,<br><br>                                   Defendants. | Civil Action No.:<br>1:05-CV-01720 (ILG) (VVP)<br><br>CLASS ACTION<br><br>AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED AMENDED SETTLEMENT, PROVISIONALLY CERTIFYING CLASS, AND DIRECTING DISSEMINATION OF NOTICE TO CLASS |

WHEREAS the Parties have applied for an order granting preliminary approval of a proposed settlement of the above-captioned action ("Litigation"), in accordance with a Amended Settlement Agreement dated April 28, 2008 ("Amended Settlement Agreement"), which together with the Exhibits annexed thereto set forth the terms and conditions of a proposed settlement of the Litigation whereby the Litigation will be dismissed with prejudice ("Amended Settlement");

WHEREAS the Court has read and considered the Amended Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS all defined terms contained herein shall have the same meanings as set forth in the Amended Settlement Agreement;

NOW, THEREFORE IT IS HEREBY ORDERED THAT:

**1.** The Court grants preliminary approval of the Amended Settlement Agreement and the proposed Amended Settlement set forth herein, subject to further consideration at the Settlement Hearing described below.

**2.** Solely for the purposes of the Amended Settlement Agreement and the proposed Amended Settlement, the Court certifies the following Class:

1

> All U.S. based PayPal account holders who funded a PayPal transaction after February 1, 2004, using a source other than a credit card: (i) who subsequently requested a reversal of the transaction through PayPal's prevailing Buyer Complaint Policy and/or Buyer Protection Policy (collectively, "Policies"); (ii) who did not receive a refund equal to 100% of their transaction payment in response to such request from PayPal or their bank; and (iii) who, through the timely submission of a Claim Form under oath, attest to a reasonable and good faith belief that they would have received a full reversal of such payment had they used a valid credit card in their possession at the time of the subject transaction to fund the payment and filed a timely chargeback request with their credit card issuing bank.

Excluded from the Class are any judicial officer to whom this Litigation is assigned; PayPal and eBay and any of its affiliates; any current or former employees, officers, or directors of PayPal or eBay; any persons presently residing outside of the United States; and all Persons who timely and validly request exclusion from the Class pursuant to the Notice disseminated in the accordance with the Notice Order.

  **3.**  This Court finds and concludes that the Class is ascertainable and that there is a well-defined community of interest in the questions of law and fact involved affecting the Class Members. The Court finds and concludes that (a) the Persons who are part of the Class are so numerous that joinder of all such Persons is impracticable; (b) there are questions of law or fact common to the Class that predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of those of the Class; (d) in negotiating and entering into the Agreement, the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all Persons who are part of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Persons who are part of the Class individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Persons who are part of the Class; (iii) the desirability or undesirability of concentrating litigation of the claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation as a class action.

  **4.**  To act on behalf of the Class in connection with the Agreement and proposed

Settlement, the Court appoints Representative Plaintiffs Vincent Farinella, George Cesar, Douglas Mashkow, and Daniel Shoppe as representatives of the Class and their counsel of record, Marina Trubitsky & Associates, as class counsel.

**5.** If the Agreement is not approved by the Court or the Amended Settlement is terminated or fails to become effective in accordance with the terms of the Amended Settlement Agreement, this conditional class certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter. Otherwise, upon the Effective Date of the Amended Settlement, this class certification shall become unconditional.

**6.** A hearing ("Settlement Hearing") shall be held before this Court on November 17, 2008 at 10:00 a.m., at the United States District Court for the Eastern District of New York, Courtroom 8B South, 225 Cadman Plaza East, Brooklyn, New York 11201, to determine whether the proposed Amended Settlement, resolving and dismissing the Litigation on the terms and conditions provided for in the Amended Settlement Agreement, is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in Exhibit H of the Amended Settlement Agreement should be entered herein; and to determine the amount of fees and expenses that should be awarded to Class Counsel. The Court may adjourn the Settlement Hearing without further notice to Class Members.

**7.** The Parties have proposed that the Class be given notice of the proposed Amended Settlement in the following manner:

a. Beginning on the date specified by the Court in its Preliminary Approval and Notice Order or as otherwise ordered by the Court, PayPal will disseminate the Email Notice (in a form substantially similar to that attached to the Amended Settlement Agreement as Exhibit A) ("Email Notice") at its own expense and at no cost to the Class or the Settlement Fund. The Email Notice will be sent via a single email to all Class Members who: (i) funded a PayPal transaction after February 1, 2004, using a source other than a credit card; (ii) subsequently requested a reversal of the transaction through PayPal's prevailing Buyer Complaint Policy

and/or Buyer Protection Policy (collectively, "Policies"); and (iii) did not receive a refund equal to 100% of their transaction payment in response to such request from PayPal or their bank. The Email Notice will consist of a summary of the Long-Form Notice, and a link to the official settlement website where the entire Long-Form Notice will be displayed.

      b.      The Long-Form Notice will also be published via a hypertext link located within the website www.paypal.com, on the "Legal Agreements" page, which is available to both current and former PayPal users. This link will stay active on PayPal's website throughout the entire Notice Period.

      c.      The Settlement Administrator will maintain a website, identified in both the Email and Long-Form Notices, for the purpose of providing the Class with information about the Settlement and the claims process. In addition to allowing visitors to obtain a copy of the Notice, this website will provide access to copies of the Amended Settlement Agreement.

      d.      During the Notice Period, PayPal shall cause the approved summary form of Publication Notice (in a form substantially similar to that attached as Exhibit C to the Amended Settlement Agreement) ("Publication Notice"), to be published in one daily issue and one weekend issue of the national edition of *USA Today*.

The Court approves the form and content of the Notices and Claim Forms, and finds that under the circumstances, transmission of the Notices as proposed by the Parties meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

**8.**      All Persons who fall within the Class definition and who do not timely and validly exclude themselves from the Class shall be bound by all determinations and judgments in the Litigation concerning the Amended Settlement, whether favorable or unfavorable to the Class.

**9.**      Persons who wish to exclude themselves from the Class shall request exclusion within the time and the manner set forth in the Notice, including mailing or delivering a signed written exclusion request, such that it is received on or before October 31, 2008, to the Parties'

counsel at the addresses set forth in the Long-Form Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time and the manner set forth in the Notice.

**10.** Any Class Member may enter an appearance in the Litigation, at the Class Member's own expense, individually or through counsel of the Class Member's choice. Any Class Member who does not enter an appearance will be represented by Class Counsel. Pending final determination of whether the Settlement should be approved, neither the Representative Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Protected Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**11.** Any Class Member may appear and show cause why the proposed Amended Settlement should or should not be approved as fair, reasonable, and adequate; or why a Judgment should or should not be entered thereon; or why attorneys' fees and expenses should or should not be awarded to Class Counsel; provided, however, that no Class Member or any other Person shall be heard on or entitled to contest the Court's decision on any of the foregoing matters unless that Person has (a) no later than October 31, 2008, filed written objections and any supporting papers and briefs with the Clerk of the United States District Court for the Eastern District of New York, Brooklyn Main Office, 225 Cadman Plaza East, Brooklyn, New York 11201.

**12.** Unless otherwise ordered by the Court, any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, or to any award of attorneys' fees and expenses to Class Counsel.

**13.** No Person who is not a Class Member or Class Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Amended Settlement Agreement.

**14.** The Settlement Fund shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the Settlement Fund shall be distributed pursuant to the Amended Settlement Agreement or further order of the Court.

**15.** All papers in support of the Amended Settlement or any application by Class Counsel for attorneys' fees or reimbursement of expenses shall be filed and served by November 10, 2008. The Parties may respond to any objection to the Amended Settlement or the application for attorneys' fees and reimbursement of expenses, provided that such response is filed and served no later than November 10, 2008.

**16.** Any application for attorneys' fees or reimbursement of expenses made by Class Counsel shall be considered separately from the fairness, reasonableness, and adequacy of the Amended Settlement.

**17.** At the Settlement Hearing, the Court shall determine whether to grant any application for attorneys' fees or reimbursement of expenses made by Class Counsel.

**18.** All reasonable costs incurred in giving notice to Class Members and administering the Settlement shall be borne and paid as set forth in the Agreement.

**19.** Neither the Amended Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by PayPal or eBay of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

**20.** The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed Settlement. The Court may approve the Amended Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**21.** If the Amended Settlement is not approved or consummated for any reason whatsoever, the Amended Settlement and all proceedings had in connection therewith shall be

without prejudice to the rights of the Parties status quo ante.

**22.**     This preliminary approval is granted subject to the revisions to the settlement documents agreed upon by the parties at the hearing held before the Court on July 9, 2008.

**23.**     Class members shall not be required to mail copies of objections to the proposed settlement to counsel for either party.  All objections mailed to the Court shall be made available to the parties on the Court's ECF system.  The parties are hereby directed to amend the notice forms accordingly.


DATED:     Brooklyn, New York                              /s/
           August 21, 2008                      The Honorable I. Leo Glasser
                                                United States District Court Judge

Copies of the foregoing order were electronically sent to:

Counsel for the Plaintiff

Marina Trubitsky
Marina Trubitsky & Associates, PLLC
11 Broadway, Suite 861
New York, NY 10004

Counsel for Defendants PayPal, Inc. and eBay, Inc.

Michael G. Rhodes
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121-1909

Benjamin F. Chapman
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121

Lori R.E. Ploeger
Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121-1909

Celia Goldwag Barenholtz
Cooley Godward Kronish LLP
1114 Avenue Of The Americas
New York, NY 10036

David Mehretu
Cooley Godward Kronish LLP
1114 Avenue Of The Americas
New York, NY 10036