UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
VINCENT FARINELLA, NANETTE
ARAGON, DANIEL SCOPPE, CHRISTINA
SIRACUSA, JASON ETTEN, GEORGE
CESAR, DENNIS TRUBITSKY and
DOUGLAS MASHKOW, individually and
on behalf of others similarly situated,

               Plaintiffs,          MEMORANDUM AND ORDER
                                                   05 - CV - 1720

   -against-

EBAY, INC. and PAYPAL, INC.,

              Defendants.

------------------------------------------------x

GLASSER, United States Senior District Judge:

## INTRODUCTION

Before the Court is a supplemental motion for attorney's fees for services performed and a reapplication for the reimbursement of expenses, filed by Marina Trubitsky & Associates, PLLC. For the foregoing reasons, these requests are denied.

## BACKGROUND

Familiarity with the underlying facts of the case is presumed. The facts relevant to this motion are as follows. On November 10, 2008, the proposed class representatives in this action (the "Representative Plaintiffs") and the defendants eBay, Inc. and PayPal, Inc. (together, the "Defendants") jointly moved this Court for final approval of a settlement agreement. Counsel for the Representative Plaintiffs, Marina

1

Trubitsky & Associates, PLLC ("Class Counsel") also moved for attorney's fees and expenses on the same day. Objector Elizabeth Pawlak ("Pawlak") filed a motion to intervene as a party-plaintiff on November 17, 2008. (Docket #157.) On April 30, 2009, this Court issued a Memorandum and Order: (1) granting the parties' motion for approval of the settlement; (2) granting in part and denying in part Class Counsel's motion for attorney's fees;[1] and (3) denying Pawlak's motion to intervene. See Farinella v. Paypal, Inc., 611 F.Supp.2d 250 (E.D.N.Y. 2009). Pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e), Pawlak then filed a motion to reconsider the denial of her motion to intervene. Class Counsel submitted a letter in opposition. On June 8, 2009, this Court denied Pawlak's motion to reconsider. Three days later, on June 11, 2009, judgment was finally entered in this case. The settlement funds have yet to be disbursed, however, because on May 25, 2010, nearly a year after the entry of judgment, Class Counsel filed the instant motion "reapply[ing] for reimbursement of expenses in the amount $49.934.39" and making an application for additional attorney's fees (together, the "Fee Memorandum") in the amount of $20,390.25.

**DISCUSSION**

<u>Classification of Motion for Reimbursement of Expenses</u>

Regarding the reapplication for reimbursement of expenses in the amount of

---

[1] In the motion for attorneys' fees and expenses Class Counsel requested 28% of the $3.5 million settlement fund, or $980,000, as well as $51,080.34 in expenses. After applying the Goldberger factors, Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000), the Court reduced the fee requested to 20% of the settlement fund, or $700,000. The Court granted expenses in the amount of $1,145.95 for court service and process, transportation and copy fees, but denied expenses in the amount of $49,934.39 for "[e]xperts and outside consultants." Farinella v. Paypal, Inc., 611 F.Supp.2d 250, 273-74 (E.D.N.Y. 2009).

2

$49,934.39 for experts and outside consultants, Ms. Trubitsky, in her Declaration in Support of [her] Application for Award of Attorneys' Fees and Reimbursement of Expenses, at ¶ 7, avers that, "[t]he Court in its decision dated [sic] awarded $1,145.95 <u>and asked for further clarification with respect to expenses that related to experts and outside consultants</u>." (Emphasis mine.) Nowhere in the Court's decision is clarification requested. The very last paragraph of that decision belies that declaration, viz.: "This order brings to a close a case of questionable merit that nonetheless consumed thousands of hours [of] the attorneys' and the Court's time." <u>Farinella</u>, 611 F.Supp.2d 250, 274 (E.D.N.Y. 2009). As a result, the Court will interpret this as a motion for reconsideration of the denial of reimbursement for those expenses. Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the FRCP and Local Rule 6.3. <u>Shearard v. Geithner</u>, 2010 WL 2243414 at *1 (E.D.N.Y. May 30, 2010). Because motions under FRCP 59(e) and Local Rule 6.3 would have been untimely here, the instant motion is properly considered a FRCP 60(b) motion.[2] <u>Branum v. Clark</u>, 927 F.2d 698, 704 (2d Cir. 1991); <u>see</u> <u>also</u> <u>Lora v. O'Heaney</u>, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration is treated as a Rule 60(b) motion.").

FRCP 60(b)

FRCP 60(b)(1)-(5) provide relief from a judgment for, inter alia, (1) mistakes, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; and (5) judgments based on reversed or vacated judgments. Since Class

---

[2] FRCP 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Similarly, Local Rule 6.3 states, "[A] notice of motion for reconsideration . . . shall be served with fourteen (14) days . . . after the entry of the judgment." Here, judgment was entered on June 11, 2009, and the instant motion was filed on May 25, 2010.

Counsel's motion for reconsideration of the denial of reimbursement for expenses does not fall under any of the specific grounds mentioned in FRCP 60(b)(1)-(5), it is properly interpreted under FRCP 60(b)(6), which contains a catch-all provision for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). FRCP 60(b)(6) is only invoked upon "a show[ing] of extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (U.S. 2005) (citing Ackermann v. United States, 340 U.S. 193, 199 (1950)). Motions under Rule 60(b)(6) must be made within a "reasonable time." Fed. R. Civ. P. 60(b)(6). To determine whether a motion brought pursuant to Rule 60(b)(6) is timely, courts look at the particular circumstance of each case and "balance the interest in finality with the reasons for delay," but "extraordinary circumstances . . . typically do not exist where the applicant fails to move for relief promptly." Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 190 n.8 (2d Cir. 2006).

Here, Class Counsel provided no explanation concerning its delay of nearly a year. The delay notwithstanding, the reimbursement of expenses cannot rise to the level of "extraordinary circumstances," especially where Class Counsel had the opportunity to adequately document its expenses in the original motion for fees and expenses, but failed to do so. Therefore, the motion to reconsider the denial of the reimbursement of $49,934.39 is denied.

Supplemental Application for Attorney's Fees

Class Counsel also makes a supplemental application for fees in the amount of $20,390.25, for services performed after the submission of its original motion for fees in

the case, specifically in opposing the motion filed by Pawlak on May 19, 2009. (Fee Mem. Trubitsky Decl. at ¶ 3.) While Class Counsel is free to make a supplemental motion for attorney's fees for services performed, such as opposing Pawlak's FRCP 59(e) motion, it is still constrained by the time limitations of FRCP 54(d)(2)(B) regarding motions for attorney's fees.[3] See Weyant v. Okst, 198 F.3d 311, 315-16 (2d Cir. 1999) ("[T]he commencement of the 14-day period set by Rule 54(d)(2)(B) is applicable not only to supplemental applications covering time spent in opposing postjudgment motions, but also to initial fee applications . . . . Whether or not an initial fee application is so filed, however, we think it clear that an application seeking compensation for services rendered in opposing timely postjudgment motions under Rules 50(b), 52(b), or 59 is itself timely if filed no later than 14 days after the resolution of those motions."). Therefore, a supplemental motion for attorney's fees is timely under FRCP 54(d)(2)(B) when filed within 14 days after the entry of judgment, or within 14 days of the resolution of postjudgment motions. Neither occurred here. Class Counsel's supplemental application was filed nearly a year after both the entry of judgment and the Order denying Pawlak's FRCP 59(e) motion. Therefore, Class Counsel's supplemental application is untimely and thus denied.

The foregoing determination based on the time limitations of FRCP 59(e) and 60(b) aside, this determination is also compelled by what the Court regards as an application for fees and expenses which were carefully considered and decided nearly two years ago in Farinella, 611 F.Supp.2d 250.

---

[3] FRCP 54(d)(2)(B) states: "*Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
(i) be filed no later than 14 days after the entry of judgment." (Emphasis in original.)

In the course of that litigation, the objections of, and attempts to intervene by Pawlak were addressed by the movant. A brief reference to Mrs. Pawlak is introduced in the movant's Declaration in Support of her Application for an Award of Attorney's Fees and Reimbursement of Expenses, dated November 10, 2008, Docket #153-1 at p. 19, viz.:

> 86. At this time, only one member of the Class has specifically objected to the amount of fees requested by Class Counsel, Mrs. Elizabeth Pawlak. Mrs. Pawlak's belated objections to Plaintiffs' Counsel's request which were received after the expiration of the October 31, 2008 deadline failed to provide any specific grounds for her objection to the fee requested.
>
> 87. Plaintiffs' Counsel believes that Mrs. Pawlak's defamatory remarks pertaining to Counsel's firm (a "single, inexperienced" attorney) are groundless.

Concluding with her assertion in ¶ 88 that:

> 88. After evaluating the class member reaction to date, Plaintiffs' counsel continue to believe that Plaintiff's request for attorneys' fee [sic] is fair and reasonable.

In a Declaration in Support of the Final Approval of the Proposed Settlement, also dated November 10, 2008, the movant addressed the meritlessness of Pawlak's claims in one full page. (Docket # 154 at p. 8.)

In its opinion, the Court discussed at some length Pawlak's objections to the settlement generally and to the proposed attorney's fees in particular, as well as her motion to intervene. <u>Farinella</u>, 611 F.Supp.2d at 257-259. And in an extensive and comprehensive consideration of the movant's application for counsel fees and expenses and of the law pertaining to that application, awards were made. The award embraced the movant's resistance to Pawlak's objections in evaluating all of her services on behalf

of the class and denied her application for the services of "experts and outside consultants" for which neither documentation nor explanation was given and therefore "the Court ha[d] no basis upon which to conclude whether such fees were reasonable." Id. at 274.  This "reapplication," for expert and outside consultant fees is an impermissible attempt at the proverbial "second bite at the apple" and is denied for that reason as well.

The movant's application for additional attorney's fees in the amount of $20,390.25 for opposing Pawlak's motion pursuant to FRCP 59(e) to alter or amend the Court's Order of April 30, 2009 is unwarranted.  That motion was filed on May 14, 2009.  (Docket #169.)  On May 15, 2009, the very next day, Ms. Trubitsky, the movant, filed a three page letter, Docket # 171, in opposition to that motion.  In that letter Ms. Trubitsky declared that the motion was untimely; failed to present any ground for reconsideration of the Court's Order of April 30th; failed to "show any cognizable interest in this litigation" as the Court had decided in its April 30th Order and; urged the imposition of sanctions on Pawlak pursuant to FRCP 11.  Ms. Trubitsky concluded her letter by asserting that "[i]t is clear that the issues contained in Ms. Pawlak's recent submissions were fully and adequately considered by this Court in its April 30, 2009 Order." (Docket # 171 p. 3.)

On June 8, 2009, Pawlak's motion was denied in a Memorandum and Order, Docket # 172, and the case was terminated.  Ms. Trubitsky's request for an additional $20,390.25, which was regarded above as "unwarranted," is an unduly charitable characterization of it.

## **CONCLUSION**

For the foregoing reasons, Class Counsel's motion for reconsideration and supplemental application for attorneys' fees are hereby DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         March 30, 2011

_____/s/_____

I. Leo Glasser
United States Senior District Judge